■ In the Matter of ROBERT GREENE, Petitioner, v. SUPREME COURT, STATE OF NEW YORK, WESTCHESTER COUNTY, SPECIAL TERM, PART I, et al., Respondents.— In this proceeding under article 78 of the CPLR, petitioner, presently an inmate of Clinton Prison, Dannemora, New York, under a sentence imposed pursuant to a conviction, has applied for an order compelling the Supreme Court, Westchester County, to restore to its calendar at Special Term a habeas corpus proceeding instituted by him at a time when he was an inmate of Sing Sing Prison, Ossining, New York. Proceeding dismissed on the merits, without costs. The habeas corpus proceeding was properly commenced by petitioner in the Supreme Court, Westchester County, since he was then an inmate of a State prison within Westchester County (CPLR 7004, subd. [c]; *Matter of Hogan* v. *Culkin*, 18 N Y 2d 330). During the pendency of that proceeding, the Supreme Court, Westchester County, assigned counsel to petitioner. On request of petitioner, his original counsel was relieved and William M. Kunstler was assigned in his stead on December 4, 1967. On January 5, 1968 Mr. Kunstler appeared and a hearing was directed to be held on January 26, 1968. By consent of counsel, the hearing was adjourned, successively, until March 8, 1968. In the meantime, petitioner was transferred to Dannemora State Hospital, within Clinton County, as a mentally ill prisoner on February 22, 1968. On February 29, 1968, Mr. Kunstler, apparently without knowledge of the removal of petitioner from Westchester County, requested to be relieved from the assignment, because of the pressure of other matters to which he was committed. Later, before the adjourned date of the hearing, Mr. Kunstler was informed of the transfer of petitioner to Dannemora State Hospital, and renewed his application to be relieved. The court then directed that the hearing be adjourned indefinitely and the matter marked the calender until petitioner would be able to proceed. On June 17, 1968 the court relieved Mr. Kunstler of his assignment. On July 18, 1968, petitioner was released from the State Hospital, apparently as recovered, and transferred to Clinton Prison at Dannemora. On July 23, 1968, he applied to the Supreme Court, Westchester County, for the restoration of the proceeding to the calendar at Special Term. Subsequently, he sought the same relief from the Attorney-General. Sometime in September, 1968, the records in the proceeding were transferred to the Supreme Court, Clinton County. Petitioner argues that his proceeding, having been properly begun in Supreme Court, Westchester County, still remains there and that a prompt hearing should be ordered. Implicit in his argument is the plea that Mr. Kunstler continue as his counsel. We think that a habeas corpus proceeding, a special proceeding (CPLR 7001), is subject to the practice provisions governing venue generally (cf. CPLR 506). Though it was irregular that this proceeding was transferred to the Supreme Court, Clinton County, without a motion for that relief (cf. CPLR 509, 510), nevertheless, the removal of petitioner from one State institution to another in the exercise of an appropriate administrative power suspended the jurisdiction of the Supreme Court, Westchester County, to continue the proceeding (CPLR 7004, subd. [c]), at least under normal circumstances (cf. *Matter of Hogan* v. *Culkin*, 18 N Y 2d 330, *supra*). Since a habeas corpus proceeding requires the production of the petitioner at all hearings, a contrary ruling would impose the burden of transporting prisoners who have instituted such proceedings throughout the State, if a transfer of the prisoner occurred during the pendency

of the proceeding. We think that public policy embodied in the statute opposes such a result. However, the Attorney-General should promptly obtain an order changing the venue of the proceeding to Clinton County. As to the desire of petitioner for the continuance of Mr. Kunstler's services, it is observed that Mr. Kunstler had sought to be relieved prior to the transfer of petitioner to the State Hospital and that the court has relieved him. Petitioner is entitled to counsel, but not to particular counsel of his own choosing. Upon the resumption of the proceeding in Clinton County, petitioner is entitled to the appointment of counsel to represent him. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.